Rafael Carrión, en su carácter de Administrador Judicial del Banco Comercial de Puerto Rico, demandante y apelado, *v.* Francisco Mendía Morales y su esposa María Silva, demandados y apelantes.

No. 6798.—*Sometido:* Marzo 4, 1935. *Resuelto:* Marzo 12, 1935.

*F. Ramírez de Arellano,* abogado de los apelantes; *J. Ramírez Santibáñez* y *R. Ramírez Santibáñez,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La demanda en este caso se titula sobre cobro de crédito hipotecario y se presentó en septiembre 10, 1932. En ella se alega, en resumen, que el demandante lo es el Banco Comercial de Puerto Rico, una corporación bancaria organizada de acuerdo con las leyes de esta Isla, actualmente en administración judicial, siendo su administrador Rafael Carrión; que los demandados Francisco Mendía y su esposa María Silva en escritura pública otorgada en noviembre 19, 1929 e inscrita en el registro, confesaron deberle $13,766.01 obligándose a satisfacérselos el 5 de septiembre de 1930, con intereses al diez por ciento anual; que en la misma escritura los demandados garantizaron la deuda, más un crédito adicional de mil dólares para costas, gastos, desembolsos y honorarios de abogado,

con hipoteca que otorgaron a favor del banco sobre dos fincas que se describen, y que la deuda no ha sido·satisfecha ni cancelada la hipoteca que la garantiza.

Se acompañó a la demanda copia auténtica de la escritura a que en ella se hace referencia con nota de su inscripción en el registro y se pidió que, previos los trámites legales, se dictara sentencia condenando a los demandados al pago de la suma reclamada e intereses con más las costas en la cantidad convenida, y ordenando al márshal la venta en pública subasta al mejor postor de los bienes hipotecados para el pago de la deuda reclamada, reconocida y ordenada satisfacer por la sentencia.

Emplazados los demandados, presentaron una moción para eliminar el 26 de septiembre de 1932 y un escrito de excepciones previas. La corte, sometídasle que le fueron por las partes sin argumentación la moción y las excepciones, las declaró sin lugar por resolución de octubre 27, 1932.

Contestaron entonces los demandados alegando dos defensas.

Por la primera sostuvieron, en resumen, que la demanda debía desestimarse por ininteligible y confusa ya que habiendo sido la intención de las partes al celebrar el contrato asumir todas las responsabilidades y todos los beneficios de la Ley Hipotecaria, dichos beneficios y responsabilidades no eran renunciables por una sola de las partes, como parece que se pretendía por el acreedor al dejar de seguir para el cobro de su crédito el procedimiento sumarísimo y escoger otro confuso que ni era el sumarísimo ni el ordinario que fija el Código de Enjuiciamiento Civil.

Y por la segunda aceptaron que por escritura pública confesaron adeudar al Banco Comercial de Puerto Rico la suma de $13,766.01 reclamada, por cuya suma se suscribió además un pagaré que no se transcribe en la demanda, pero negaron que la suma debida fuera la de $13,766.01, ya que habían abonado a cuenta la de $366.01. Y alegaron además que de la

propia escritura acompañada a la demanda aparecía que la deuda original era de $12,500 y que la diferencia hasta la suma reclamada son intereses, motivo por el cual no pueden reclamarse intereses sobre toda la suma adeudada pues ello equivale a exigir intereses sobre intereses.

Fué el pleito a juicio y en éste el demandante admitió el abono de $366.01 alegado en la contestación, presentándose en evidencia el pagaré por $13,766.01, valor al 5 de septiembre de 1930, en el cual los demandados se obligan solidariamente a satisfacer al Banco la indicada suma, sus intereses y mil dólares más para costas en caso de reclamación judicial.

La corte dictó sentencia en mayo 23, 1934, condenando a los demandados a pagar al demandante $13,400 de principal, intereses al tipo convenido y mil dólares de costas, y ordenando que para satisfacer la sentencia se vendieran en pública subasta las fincas hipotecadas.

No conformes los demandados apelaron el 27 de junio de 1934. Dos días después el demandante pidió a la corte que enmendara su sentencia incluyendo en la descripción de las fincas las casas enclavadas en los solares y la corte accedió. Notificada la corrección a los demandados, éstos radicaron un nuevo escrito de apelación.

Elevada la transcripción de los autos a esta Corte Suprema y archivado el alegato de los apelantes, el banco apelado solicitó la desestimación del recurso, por frívolo. Señalada la vista de la moción, comparecieron los apelantes por su abogado y se opusieron a la desestimación solicitada.

Cuatro errores se señalan en el alegato de los apelantes.

Por el primero sostienen que el procedimiento seguido en este caso no fué el autorizado por la ley, y por el cuarto que si el procedimiento seguido fué el autorizado por el Código de Enjuiciamiento Civil, entonces no pudo el juez ordenar la venta en pública subasta de las fincas hipotecadas.

Esta corte ha resuelto repetidas veces que un acreedor que tiene su crédito garantizado con hipoteca no está obligado a

seguir el procedimiento ejecutivo sumarísimo para hacerlo efectivo por la vía judicial. Y si sigue el ordinario y dentro de él se alega y demuestra que existen bienes previamente hipotecados para garantizar la deuda, nada de extraño tiene que se ordene su venta para satisfacer la sentencia. La hipoteca en tal caso equivale al previo embargo trabado para asegurar la sentencia.

■ Por el tercer señalamiento se sostiene que siendo la primitiva deuda $12,500, y habiéndose llegado a los $13,766.01 reclamados adicionando intereses no satisfechos, no pudo decretarse el pago de intereses de la suma total porque ello equivalía a cobrar intereses sobre intereses, lo que es contrario a la ley.

Está demostrado que existió un contrato anterior. No pudieron cumplirlo los demandados. Ambas partes pusiéronse de acuerdo y celebraron por escritura pública una nueva transacción, suscribiéndose el pagaré por la exacta suma reclamada. No hay base para considerar siquiera la contención que se levanta. Como bien dice la corte de distrito en la relación del caso que sirve de base a su sentencia, "las dos obligaciones y sus intereses que fueron objeto de la transacción especificada en la escritura de hipoteca, se esfumaron en el nuevo contrato al extenderse el pagaré de 19 de noviembre de 1929 y en su virtud no puede estimarse que se cobran intereses sobre intereses."

■ El cuarto error señalado se refiere a la enmienda de la sentencia después de apelada. Es el único que nos ha hecho vacilar en si se trata o no de una apelación claramente frívola, pero como todo cuanto argumentándola expresan en su alegato los apelantes es lo que sigue: "Los demandados apelantes creen que después de dictada la primera sentencia y radicada por ellos su apelación, la corte inferior perdió su jurisdicción sobre el asunto, y carecía de facultad para dictar la sentencia enmendada a que hemos hecho referencia"; como existen excepciones a la regla de que la corte sentenciadora

pierde el control sobre su fallo una vez interpuesta la apelación; como se trata de una mera corrección de la descripción de fincas ajustándola a las constancias de autos y como en nada se perjudicó a los apelantes, resolveremos nuestra duda en la afirmativa.

Se ordenó por la corte el pago de una deuda claramente comprobada. La apelación se ha interpuesto con el mero propósito de dilatar la ejecución de la sentencia. *El recurso debe, en tal virtud, desestimarse por frívolo.*